IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL SMITH, | ) | Case No. 1:21-cv-934 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DOUGLAS FENDER, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION**[1] |

Pending before the court are two motions for injunctive relief filed by Darryl Smith on August 30, 2021 and on October 4, 2021. ECF Doc. 14; ECF Doc. 16. Because Smith seeks relief that is not available to him in a 28 U.S.C. § 2254 habeas proceeding, I recommend that his motions be denied.

**I.     Relevant Background**

Smith is an Ohio inmate convicted of failure to comply and attempted aggravated arson, for which he is serving an aggregate 8.5-year sentence. ECF Doc. 1 at 1. On May 4, 2021, Smith filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2254, challenging the

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A)-(B) (granting magistrate judges, upon referral, decisional authority over any pretrial matter, except a motion for injunctive relief); *Brown v. Mohr*, No. 2:13-cv-006, 2014 WL 5446003, at *2 (S.D. Ohio Oct. 24, 2014) ("A motion for preliminary injunction is a dispositive motion."); *see also Sheffield Metals v. Kevwitch,* No. 1:17 CV 1120 2018 WL 2266897, at *2 (N.D. Ohio Jan. 16, 2018) (describing a motion for a temporary restraining order as dispositive).

constitutionality of those convictions and seeking "immediate release" from confinement. ECF Doc. 1 at 1, 5, 7, 8, 15. At the time, he was being held at Lake Erie Correctional Institution ("LECI"). ECF Doc. 1 at 1.

On August 30, 2021, Smith filed a motion "for an order to show cause" and "restraining order," seeking to enjoin Warden Fender from transferring Smith to a medium security prison within our jurisdiction; an order prohibiting further use of inmates to assault or otherwise harass Smith; and an order that Smith's legal materials be returned. ECF Doc. 14 at 3. In support, Smith alleges Warden Fender and correctional officers under Warden Fender's direction have interfered with his ability to maintain and litigate his current habeas action by: (1) placing Smith in solitary confinement since July 23, 2021; (2) seizing and denying access to Smith's legal materials, including his case files; (3) scheduling Smith's transfer to a higher security prison outside of the court's jurisdiction; and (4) using prison gangs to assault Smith. ECF Doc. 14 at 2-3. In his companion legal section, Smith contends that it is a First Amendment violation to be transferred to another prison or have legal materials seized as retaliation for bringing a lawsuit, and it is an Eighth Amendment violation to use/allow prison gangs to assault inmates. ECF Doc. 14 at 4-6. He attaches to his motion a supporting affidavit, detailing the warden's alleged misdeeds. ECF Doc. 14-1.

On September 22, 2021, Smith filed a notice of prison transfer, indicating that he had been transferred to Trumbull Correctional Institution ("TCI"). ECF Doc. 15.

On October 4, 2021, Smith filed a motion "for restraining order, protection orders, and to issue show cause orders." ECF Doc. 16. In it, Smith states Warden Fender has consummated his threat and transferred Smith from a Level 2 medium security facility to a Level 3 maximum security facility. ECF Doc. 16 at 2. Smith alleges that: (1) within 48 hours of his transfer,

prison gang members entered his cell and beat him; (2) prison guards refused his request for protective custody and medical treatment and instead levied false disciplinary charges; (3) he we sentenced to an "extreme" 29 days in solitary, and the presiding guard ignored his report of the assault and demand for protective custody; and (4) prison staff were given "credible information" that a contract-to-kill had been placed on him by prison gangs after Warden Fender and others classified him as an informant. *Id.* Smith further alleges LECI prison guards turned over to TCI officials court materials that, upon inspection, Smith discovered contained additional evidence of his actual innocence that has since been stolen or disappeared. ECF Doc. 16 at 2-3. And Smith alleges TCI officials have refused to file theft reports, obstructed him from the prison grievance process, and refused to allow him access to his legal materials or materials with which to write. ECF Doc. 16 at 3. The motion at bar, he states, he wrote on copy paper and was mailed by another inmate. *Id.*; ECF Doc. 16-1. In support, he attaches an affidavit recounting his allegations and a conduct report with the disciplinary charge. ECF Doc. 16-2; ECF Doc. 16-3. The respondent warden has not filed anything in opposition to Smith's two motions.

**II.     Law & Analysis**

Smith's motions seek relief not cognizable in this case. Smith brought this case through a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his convictions and seeking release from confinement. ECF Doc. 1 at 1, 5, 7, 8, 15. Smith's motions, in turn, seek injunctive relief based on allegations that his *conditions* of confinement (*i.e.*, access to legal and writing materials, access to the prison's grievance process, retaliatory transfer to another prison, lack of protection from inmate violence, lack of medical care, and the propriety of his disciplinary proceedings) are unconstitutional. *See generally* ECF Doc. 14; ECF Doc. 16. He cannot both challenge the propriety of his conviction and the propriety of his

3

conditions of confinement on federal habeas review. *Glaze v. Morgan*, No. 1:19-CV-02974, 2021 WL 4189722, at *2 (N.D. Ohio Aug. 10, 2021); *see also Mott-Bey v. Horton*, No. 2:20-cv-78, 2020 WL 3542156, at *2 (W.D. Mich. June 30, 2020) (collecting cases).

This is not to say Smith has no recourse.  Smith can raise his challenges to his conditions of confinement by bringing a separate 42 U.S.C. § 1983 civil rights action. *Campbell v. Bergh*, No. 15-12615, 2016 WL 4771330, at *1 (E.D. Mich. Sept. 13, 2016); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (explaining that challenges to the validity of a confinement or sentence are the province of habeas corpus, whereas challenges to the conditions of confinement may be brought under 42 U.S.C. § 1983); *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance."). In the meantime, he remains within the Northern District of Ohio, and a future transfer outside of the territorial boundaries of this district would not deprive this court of jurisdiction over his habeas petition. 28 U.S.C. § 2241(d).  All that changing prisons does is change the respondent, who now would be Warden Charmaine Bracy. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); Trumbull Correctional Institution, Ohio Department of Rehabilitation & Correction, https://drc.ohio.gov/tci (last visited October 27, 2021).

### III. Conclusion

In light of the foregoing, I recommend that Smith's motion for an order to show cause and temporary restraining order (ECF Doc. 14) and his motion for a restraining order, protection order, and order to show cause (ECF Doc. 16) be DENIED. *E.g.*, *Chappell v. Morgan*, No. 4:15 CV 1275, 2015 U.S. Dist. LEXIS 117110, at *4-5 (N.D. Ohio Aug. 31, 2015); *Chappell v.*

*Morgan*, No. 4:15 CV 882, 2015 U.S. Dist. LEXIS 144281, at *2 (N.D. Ohio Sept. 8, 2015);

*Daniel v. McQuiggin*, No. 08-12188, 2008 WL 4683212, at *1 (E.D. Mich. Oct. 22, 2008).

Dated: October 27, 2021

                                             Thomas M. Parker
                                        United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).