IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darryl Smith,                                                       Case No. 1:21-CV-934

            Plaintiff,

       v.                                                      **ORDER**

Warden Douglas Fender,

            Defendant.

This is a state prisoner habeas corpus proceeding under 28 U.S.C. § 2254(d), in which the petitioner has filed two motions for injunctive relief. One motion seeks to prevent the petitioner's transfer from his current institution to another institution, potentially outside this District. (Doc. 14). The other seeks two orders, namely, to compel: 1) the warden to stop using other prisoners to assault the petitioner; and 2) return legal materials to the petitioner. (Doc. 16).

Following automatic reference to a magistrate on August 23, 2021, U.S. Magistrate Judge Thomas M. Parker filed his Report & Recommendation on October 27, 2021. (Doc. 18). Pending are the petitioner's objections to that Report & Recommendation. (Doc. 19).

On *de novo* review, I find the objections without merit. Accordingly, I overrule the objections, adopt the Report and Recommendation as the order of this Court, and decline to issue a Certificate of Appealability.

## Discussion

The Magistrate Judge found, and recommended that I also find, that the petitioner, through his motions, seeks relief that is not available under § 2254(d). Though the petitioner

1

objects to this conclusion, his objections are not well-founded. Simply put, the Magistrate Judge is correct in his rationale and ruling. I concur with his opinion wherein he stated:

> Smith's motions seek relief not cognizable in this case. Smith brought this case through a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the constitutionality of his convictions and seeking release from confinement….. Smith's motions, in turn, seek injunctive relief based on allegations that his *conditions* of confinement (*i.e.*, access to legal and writing materials, access to the prison's grievance process, retaliatory transfer to another prison, lack of protection from inmate violence, lack of medical care, and the propriety of his disciplinary proceedings) are unconstitutional. ….. He cannot both challenge the propriety of his conviction and the propriety of his conditions of confinement on federal habeas review.

(Doc. 18, PageID 363-64, citing *Glaze v. Morgan*, No. 1:19-CV-02974, 2021 WL 189722, at *2 (N.D. Ohio Aug. 10, 2021); *Mott-Bey v. Horton*, No. 2:20-CV-78, 2020 WL 3542156, at *2 (W.D. Mich. June 30, 2020))

In addition, also pending are the following motions filed by the petitioner:

1) Motion for an order to conduct an evidentiary hearing (Doc. 8);

2) Motion to recuse Magistrate Thomas Parker (Doc. 20); and

3) Motion to provide petitioner copies of the petition (Doc. 1); the brief in support (Doc. 5); and the emergency motion for restraining order/motion for protective order (Doc. 16) (Doc 21).

On review of these motions, I conclude:

1) Respondent has yet to file a return of writ; therefore, the motion for an evidentiary hearing is premature and shall be denied without prejudice;

2) There is no merit whatsoever to recuse Judge Parker, so petitioner's motion shall be denied with prejudice; and

3) Although the court is not obligated to provide copies of pleadings, in this instance, and without setting a precedent in this or any other case, I shall direct the Clerk to provide, this time only, the requested copies.

It is, accordingly, hereby:

ORDERED:

- The petitioner's objections to the Magistrate Judge's Report & Recommendation (Doc. 18), be, and the same hereby are overruled;
- The petitioner's motion for an evidentiary hearing is denied without prejudice;
- The petitioner's motion to recuse is denied with prejudice; and
- The petitioner's request for the court to provide copies of documents requested without cost is granted for this limited instance only.

I decline to issue a Certificate of Appealability, as jurists of reason could not rationally dispute the rationale of this order or its result.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge