IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARRYL SMITH, | ) Case No. 1:21-cv-934 |
| ) | |
| Petitioner, | ) JUDGE JAMES G. CARR |
| ) | |
| v. | ) MAGISTRATE JUDGE |
| ) THOMAS M. PARKER | |
| WARDEN DOUGLAS FENDER,[1] | ) |
| ) | |
| Respondent. | ) **ORDER AND RECOMMENDATION** |
| ) | |

Petitioner Darryl Smith has filed a motion requesting that the undersigned and the assigned district judge recuse themselves from this case and seeking a change of venue outside of Cleveland, Ohio. ECF Doc. 34; ECF Doc. 35.[2] For the reasons that follow, Smith's motion to recuse is DENIED IN PART as to the undersigned and Smith's motion for change of venue is DENIED. I further recommend that his motion to recuse be DENIED IN PART as to the assigned district judge.[3]

---

[1] Smith is currently confined at Mansfield Correctional Institution, where Tim McConahay is the warden. ECF Doc. 24. Thus, Warden McConahay is the proper respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); Mansfield Correctional Institution, Ohio Department of Rehabilitation & Correction, https://drc.ohio.gov/manci (last visited April 21, 2022).
[2] The motions filed in ECF Doc. 34 and ECF Doc. 35 are duplicates of one another. For ease of reference, only ECF Doc. 34 will be cited.
[3] Although motions to recuse are nondispositive, magistrate judges do not have authority to address a recusal motion directed to a district court judge. *United States v. Horse*, No. CR. 20-50035-01-JLV, 2022 U.S. Dist. LEXIS 3504, at *62 (D. S.D. Jan. 7, 2022).

I.   **Recusal of the Magistrate Judge**

In seeking recusal of the magistrate judge, Smith contends that : (i) he was not served Warden Tim McConahay's motions for extension and he was not given an opportunity to respond; (ii) the orders granting respondent the warden's motions for extension are tantamount to "ex parte" rulings showing clear bias against Smith; (iii) the extensions granted show that Smith will not get a timely ruling on his claims of actual innocence and instead "run out the clock;" (iv) the undersigned's initial order "gave detailed encouraging suggestions" to the warden to seek dismissal, allegedly signaling an intent to dismiss Smith's case "no matter what;" (v) the undersigned has acted promptly on the warden's motions while ignoring Smith's motions; and (vi) the undersigned did not sanction the warden for filing blurred out photos and uncertified transcripts. ECF Doc. 34 at 1-6.

In a supporting affidavit, Smith asserts that the undersigned has ignored his motions and pleadings while instantly granting Warden McConahay's "falsified" motions and without the extension motions having been served on Smith. ECF Doc. 34-1 at 2.  He further asserts that the undersigned condoned the destruction of his legal materials and the filing of uncertified transcripts and blurred out evidence. ECF Doc. 34-1 at 2.

Sections 144 and 445 of Title 28 govern recusal of federal judges. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999).  Section 144 requires recusal when a party files a "sufficient affidavit" that the judge has a personal bias or prejudice against or in favor of any party. 28 U.S.C. § 144.  Section 455 requires recusal when, among other things, the judge's impartiality might reasonably be questioned, he has a personal bias or prejudice for or against a party, he has personal knowledge of or is a material witness in the matter, or he has a personal or financial interest in the matter. 28 U.S.C. § 455.  Disqualification under either section, however,

2

"must be predicated upon extrajudicial conduct rather than on judicial conduct and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Consolidated Rail Corp.*, 170 F.3d at 597 (citations omitted; quotation marks omitted). Absent such an extrajudicial basis for recusal, a judge may not recuse himself. *See United States v. Hoffa*, 382 F.2d 856, 861 (6th Cir. 1967) (a judge has "an obligation not to recuse himself when there is no occasion" to do so); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.").

The party seeking recusal "has the burden of convincing the court that a reasonable person would find that the bias exists." *Consolidated Rail Corp.*, 170 F.3d at 597. The crux of this inquiry is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *United States v. Fleming*, No. 5:17CR81, 2019 U.S. Dist. LEXIS 16544, at *4 (N.D. Ohio Feb. 1, 2019) (quotation marks omitted). "The decision whether a judge's impartiality can 'reasonable be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia*, 541 U.S. 913, 914 (2004).

Smith has presented no basis for recusal. The heart of Smith's motion is that he wants the undersigned to be recused because he takes exception to the undersigned's actions in granting Warden McConahay's motions for an extension of time to file a return of writ without waiting for Smith to file an opposition or response. *See generally* ECF Doc. 34. This contention is in error.

There was no need to wait for a response from Smith on the extension motions because Warden McConahay's motions adequately advised the court of the merits. When a non-

dispositive motion is filed and adequately advises the court on the issue, the court need not wait for a party's response to that motion. *See Fulton v. W. Coast Life Ins. Co.*, No. 2:09-CV-2015, 2011 U.S. Dist. LEXIS 171538, at *5-6 (W.D. Tenn. May 9, 2011) (citing *Drew v. Terry*, 73 F. App'x 78, 2003 U.S. App. LEXIS 29077, *2-3 (5th Cir. 2003)). The warden expressed that there had been delays in obtaining state court records necessary for properly responding to Smith's petition. *See* ECF Doc. 17; ECF Doc. 25. The undersigned was aware that the warden made these requests the day of and the day before his answer was due and that the warden's efforts at obtaining the documents had not been delineated. Nonetheless, two two-month extensions were not excessive and delays in obtaining the records constitute good cause for granting an extension. Moreover, because of the warden's delay in seeking these extensions, judicial efficiency counseled against waiting for a response. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (stating that a court has the inherent power "to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." (quotation marks omitted)).

Smith's contention that he was not served the motions to extend is concerning. However, both motions for extension indicated that that they were mailed to Smith at his place of confinement. ECF Doc. 17 at 2; ECF Doc. 25 at 3. Additionally, Smith has responded to the motions in his motion for default judgment, which indicates that he was aware of the motions' contents, and, thus, no real prejudice can be attributed to the alleged non-service of the document. The motions themselves also indicate they were mailed to him. *See* ECF Doc. 17 at 2; ECF Doc. 25 at 3. Accordingly, nothing about the undersigned's orders granting the extensions implicates the magistrate judge's ability to impartially review the merits. *See Consolidated Rial Corp.*, 170 F.3d at 597.

4

Smith's conclusory allegation that the undersigned has already determined which way he will recommend disposition on the merits of his petition is groundless; and groundless contentions provide no basis for recusal. The facts must be taken as they actually exist. *Cheney*, 541 U.S. at 914. The initial order did not suggest or encourage Warden McConahay to assert any defenses. Instead, the initial order established procedures to facilitate the court's consideration of defenses commonly asserted in 28 U.S.C. § 2254 cases, including that the warden brief the merits regardless of a procedural default argument. ECF Doc. 11. And the undersigned has not even begun to analyze the merits of Smith's petition. There has been no advance determination to reject Smith's claims.

Lastly, Smith's conclusory contention that the undersigned has condoned any action by Warden McConahay or has ignored Smith's motions is groundless; and groundless arguments provide no basis for recusal. His contention that the undersigned has condoned any of the alleged misconduct at his place of confinement merely expresses his disagreement with the undersigned's recommendation that Smith may only raise those issues in a 42 U.S.C. § 1983 action, which the Court adopted, and, therefore, is not a basis for recusal. *See* ECF Doc. 18; ECF Doc. 22; *Consolidated Rail Corp.*, 170 F.3d at 597. The undersigned has ruled on Smith's pending motions in a recently issued order. Although Smith would have preferred swifter adjudication, his motions were more substantive than simple requests for extensions of time. And contrary to Smith's argument, the undersigned did not ignore his case after it was filed. The undersigned took action on the case as soon as the case was referred.

The undersigned appreciates Smith's diligence in pursuing his petition and understands his desire for immediate consideration of claims which he believes entitle him to relief. But Smith's case is not the only case before the court. There are several other state prisoners who

5

have filed petitions contending that they have been incarcerated in violation of their constitutional rights. Many of those cases were filed before Smith's. The undersigned issues reports and recommendations on habeas cases in the order in which they are filed and become ripe for review. It would be unfair and unjust to other petitioners if the court were to expedite consideration of Smith's petition based solely on the strength of his belief in his claims. And, it bears mention, that the filing of a multiplicity of motions by Smith does not expedite the determination of this matter; to the contrary, because the undersigned must use limited time to decide such issues, it merely delays the point at which the magistrate judge can get to other, older habeas cases, which must be decided before Smith's case can be addressed.

Smith has raised no basis for recusal under Sections 144 and 455. Because the undersigned has an obligation *not* to recuse himself under the circumstances, *Hoffa*, 382 F.2d at 861; *Fleming*, 2019 U.S. Dist. LEXIS 16544, at * 4-5, Smith's motion seeking recusal of the magistrate judge is DENIED.

## II.    Recusal of the Court

Smith also seeks to recuse the assigned district judge, arguing that the Court ignored his case for four months after it was filed. ECF Doc. 34 at 3-4. He also argues that the Court is intentionally delaying the proceedings to "run out the clock" on his petition. ECF Doc. 34 at 6. In his supporting affidavit, Smiths asserts that the Court is also responsible for granting of Warden McConahay's motions without a response from Smith, allowed the warden to file deficient state court records, and has condoned the seizure and destruction of his evidence of actual innocence. ECF Doc. 34-1 at 2.

I find that Smith likewise has not established a basis for the assigned district judge to recuse himself. Most of Smith's arguments impute bias to the district judge, based on Smith's

6

unfounded conclusions as to the Court's motives. That is not a basis for recusal. *See Cheney,* 541 U.S. at 9*14.* The district judge did not and has not ruled on Warden McConahay's motions for extension. And Smith's remaining arguments appear to be directed at the Court's ruling on his objections to the report and recommendation. *See* ECF Doc. 19; ECF Doc. 20; ECF Doc. 22. Disagreement with the Court's rulings is not a basis for recusal. *See Consolidated Rail Corp.,* 170 F.3d at 59*7.* Accordingly, I recommend that the Smith's motions for recusal be DENIED IN PART with respect to the assigned district judge.

**III. Change of Venue**

Smith moves for a change of venue outside of Cleveland to go beyond the reach of the order of this court declaring Smith a vexatious litigant and imposing prefiling restrictions. ECF Doc. 4 at 7-8; *see* Docket for N.D. Ohio, Case No. 1:18-cv-163, doc. 100 at 6-8 (October 3, 2018 order by Judge James S. Gwin declaring Smith a vexatious litigator and imposing pre-filing restrictions). He argues that, although Judge Gwin is not presiding over this case, Judge Gwin has indirectly influenced the proceedings by prevented the case from being filed for eight months. ECF Doc. 34 at 8-9. In a supporting affidavit, Smith reiterates his reasons for seeking a change of venue. ECF Doc. 34-1 at 1.

In habeas corpus proceedings, venue is proper in the district court in which the petitioner is in custody or in the district court in which the challenged conviction was imposed. 28 U.S.C. § 2241(d). Both possible venues have concurrent jurisdiction to entertain a petition for habeas corpus and may, in their discretion and in furtherance of justice, transfer the petition from one to the other. *Id.* Federal courts may also, for the convenience of the parties and in the interests of justice, transfer a civil action to any district or division where it might have been brought. 28 U.S.C. § 1404(a).

7

The convictions that Smith seeks to challenge were imposed by the Cuyahoga County Court of Common Pleas in Cleveland. ECF Doc. 1 at 1. At the time Smith filed his petition, he was incarcerated in Conneaut, Ohio and is currently incarcerated in Mansfield, Ohio. ECF Doc. 1 at 1; ECF Doc. 23. Thus, venue is proper in the Eastern Division of the Northern District of Ohio and its courthouses in Akron, Cleveland, and Youngstown. *See* 28 U.S.C. § 2241(d). However, Smith has not established that the interests of justice warrant transfer of the case to one of the other courthouses. Smith's primary concern is the effect of the order declaring him a vexatious litigant. But that order applies to the entirety of the Northern District of Ohio, not just the Cleveland courthouse. Docket for N.D. Ohio, Case No. 1:18-cv-163, doc. 100 at 6-7.

Moreover, the order declaring him a vexatious litigant has had no effect on Smith's habeas proceedings. All the order requires of Smith is that he seek leave of court before filing. *Id.* Despite being on notice of that requirement, Smith repeatedly attempted to file his habeas petition without leave, leading to his petition not being filed until May 4, 2021. ECF Doc. 12 at 1-3 (summarizing the procedural history of Smith's habeas proceedings). And other than his own unsupported allegations, Smith has submitted no evidence supporting his contention that Judge Gwin has had any involvement in this case. Accordingly, Smith's motion for change of venue is DENIED.

IV.   **Conclusion**

In summary, Smith's motions to recuse is DENIED IN PART as to the undersigned magistrate judge.

Smith's motions for change of venue is DENIED.

I recommend that Smith's motions to recuse be DENIED IN PART as to the assigned district judge.

Dated: April 21, 2022

**IT IS SO ORDERED.**

Thomas M. Parker
United States Magistrate Judge

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific

objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).