IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Darryl Smith, | Case No. 1:21-cv-00934 |
| Petitioner, | Judge James G. Carr<br>Magistrate Judge Parker |
| v. | |
| Warden Douglas Fender[1], | **Order** |
| Respondent. | |

## Background

This is a habeas corpus case under 28 U.S.C. § 2254(d), which was referred to the Hon. Thomas M. Parker to enter orders on non-dispositive matters and to file a Report & Recommendation as to dispositive matters.

On April 21, 2022, Judge Parker issued an "Order and Recommendation" (Doc. 40) in which he denied petitioner's Motion to Recuse (Doc. 34). He further recommended that I deny the motion to recuse "the Judge assigned to the case" (the undersigned). Judge Parker also denied petitioner's Motion for a Change of Venue/Jurisdiction. (Doc. 35).

On May 4, 2022 the petitioner timely filed Objections to Judge Parker's Order and Recommendation. (Doc. 44). The respondent had twenty-one days in which to file a response. He filed none, so Judge Parker's Order and Recommendation became decisional on May 25, 2022.

My staff regularly reviews the daily report of docket activity in my cases. When a Magistrate Judge files a Report & Recommendation, staff notes that fact and waits twenty-one

---

[1] Douglas Fender is the former Warden at Mansfield Correctional, where Petitioner is housed. The current Warden is Tim McConahay.

1

days for the time for objections to pass. Alternatively where a party files objections, staff calculates the time for a response, and if filed, calculates the time for an anticipated reply. Once all deadlines have passed, staff refers the matter to my attention as decisional.

Because of the unusual caption of Magistrate Judge Parker's Order (Order and Recommendation vs. *Report and* Recommendation), the ordinary decisional process did not occur. My office first learned of the pendency of the Order and Recommendation near the end of December *via* a phone call from Judge Parker's chambers, which alerted me this matter was decisional.

I want to emphasize that the delay in this matter was due to no fault on the part of Judge Parker, his staff, or my staff. I also want to emphasize, having served as a Magistrate and District Judge for more than twenty-eight years, how rare it is for a Magistrate Judge to have non-dispositive and dispositive matters pending simultaneously.

**Review of Petitioner's Objections to Magistrate Judge's Order and Recommendation**

Now that I have explained to the parties the reasons for the delay in my review of Judge Parker's Order and Recommendation, I turn to the merits of the petitioner's Objections and his Motion to Recuse and Motion for Change of Venue.

First, upon my review of the Magistrate's Recommendation under 28 U.S.C. § 636(b)(1)(C), I overrule petitioner's objection to Judge Parker's denial of petitioner's demand that he recuse himself from further proceedings in this case. I do so because Judge Parker's scholarly and thorough discussion of the law applicable to motions to recuse is well-taken in all respects.

Among other things, Judge Parker's prompt endorsement of the respondent's Motions for Extension of Time was entirely appropriate. Rather than delaying adjudication of petitioner's

case, he avoided the delay that would have intervened while awaiting petitioner's response and any resulting reply. Additional delay may have exceeded the sixty days respondent initially sought in any event.

So, rather than ill-serving the petitioner's desire to have this case move along, Judge Parker's prompt granting of the motions for extensions served that interest.[2]

I likewise review, as non-dispositive, Judge Parker's recommendation that I decline to recuse myself from this case. See 28 U.S.C. § 636(b)(1).

I find no abuse as petitioner's motion presents no grounds on which I should or could recuse. I was unaware that the case is on my docket until learning of the pendency of Judge Parker's Order and Recommendation. To which I have turned as promptly as other matters permitted.

Once again, as support for my rejection of petitioner's demand that I recuse, I reference and adopt Judge Parker's discussion of the applicable law. I find nothing in consideration of that law that would justify, or, indeed, permit me to recuse.[3]

With regard to petitioner's demand for a change of venue and jurisdiction, a venue change has *de facto* already occurred: I am a Judge in the Western Division of our District. I received this case pursuant to our local procedure of distributing habeas cases randomly without regard to our venue rules. This is so that all judges share equally in the habeas docket. This in

---

[2] I note that, in any event, petitioner appears to have gotten what he wanted. The docket shows that on Sept. 19, 2022, for reasons that do not therein appear, Magistrate Judge James E. Grimes, Jr., was substituted for Judge Parker as the assigned Magistrate Judge in this case.

[3] I note that, in any event, the principal, if not the sole target of petitioner's desire for recusal, was Judge James Gwin, not me. Regardless, petitioner has shown no basis whatsoever for me to consider, much less grant, recusal.

turn, is intended to avoid delays in adjudication that would occur if the judges in one division received a greater proportion of habeas cases that judges in the other division.

I turn now to what comes next. The docket indicates that on April 20, 2022, Magistrate Judge Parker granted petitioner's motion for an extension of thirty to sixty days in which to file his traverse. To date, he has not done so. I will *sua sponte* grant him leave to file a traverse, if he so desires, within sixty days of the date of this Order. If petitioner does not want to file a traverse, I ask that he so inform my office, so that the petition may be deemed decisional and referred for a Magistrate Judge's Report & Recommendation.

Finally, I take note of Judge's Gwin's finding that petitioner has been a vexatious litigator. Because this is a habeas case, I, for now, hesitate to impose the bar without a Clerk's review to filings that results from such determination. To that end, I will direct the Clerk to submit any motions and pleadings filed by petitioner, with the exception of his traverse and any motions for extension of time, to me, rather than a Clerk or Magistrate Judge, to determine if they should be filed.

## Conclusion

In light of the foregoing, I hereby:

1. Adopt the Magistrate Judge's findings, conclusions, and orders as to petitioner's motion to recuse Magistrate Judge Parker and myself; and therefore, deny said motion;

2. Adopt the Magistrate Judge's Order and Recommendation to deny petitioner's motion for change of venue and transfer of jurisdiction, and therefore, deny said motion;

3. *Sua sponte* grant leave to petitioner, if he desires, to file a traverse within sixty days of the date of this order. If he decides not to submit a traverse, he shall forthwith notify my chambers;

4. Order the clerk, upon filing of the petitioner's traverse or, in the alternative, notice of declination of his right to do so, to refer his pending petition for relief under 28 U.S.C. § 2254(d) to the Hon. James E. Grimes, Jr. for a Magistrate Judge's Report & Recommendation; and

5. Order the clerk, to submit petitioner's pleadings, except his traverse or notice of declination to file a traverse, to me for my review to determine whether such pleadings shall be filed.

        So ordered.

        <u>James G. Carr</u>
        Sr. U.S. District Judge